# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MATTHEW JONES,

                Petitioner,              :     Case No. 1:13-cv-465

    - vs -                      District Judge S. Arthur Spiegel
                                          Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional Institution,
                                  :

              Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 14) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 13). In addition to the Objections, Petitioner has, with permission, supplemented the record with *State v. Creech*, 2014-Ohio-4004, 2014 Ohio App. LEXIS 3920 (Sept. 9, 2014). Judge Spiegel has recommitted the case to the Magistrate Judge for consideration of Petitioner's filings (Doc. No. 17).

The Report recommended the Petition be dismissed with prejudice and Petitioner be denied a certificate of appealability. (Doc. No. 13, PageID 514.) Jones' Objections are limited to the First Ground for Relief where he claimed he received ineffective assistance of trial counsel when his trial attorney failed to offer to stipulate to or indeed object to admission of a prior domestic violence conviction.

Jones was indicted for felonious assault and domestic violence, the latter at the felony level because of an asserted prior domestic violence conviction. On appeal Jones argued it was ineffective assistance of trial counsel to fail to offer to stipulate to the prior conviction because

(1) the stipulation would have prevented introduction of prejudicial facts about the prior conviction and (2) the prosecutor would have been obliged to accept the stipulation under *Old Chief v. United States*, 519 U.S. 172 (1997).  The Twelfth District rejected the claim because *Old Chief* is not controlling authority in Ohio – it was a Federal Rules of Evidence decision, not a constitutional decision.  *State v. Jones*, 2012-Ohio-1480, ¶ 15, 2012 Ohio App. LEXIS 1277 (12th Dist. Apr. 2, 2012).  Furthermore, unlike the situation in *Old Chief* where the name and nature of the prior offense was not relevant, here the fact that the prior conviction was for domestic violence was directly relevant because it elevated the degree of the offense. *Id.*  at ¶¶ 16-17.  The Report concluded the Twelfth District was correct in its analysis of *Old Chief* and therefore its decision that Jones did not receive ineffective assistance of trial counsel was a reasonable application of the controlling authority, *Strickland v. Washington,* 466 U.S. 668 (1984).

In his Objections, Jones relies on *State v. Henton*, 121 Ohio App. 3d 501 (11th Dist. 1997).  In that case the court held:

> While we recognize that the United States Supreme Court's interpretation of the Federal Rules of Evidence [in *Old Chief*] have no mandatory authority on our interpretation of the Ohio Rules of Evidence, we are ill prepared to state that Ohio Evid.R. 403, nearly identical to its federal counterpart, would allow the risk of a verdict tainted by improper considerations. Because appellant offered to stipulate to the existence of a prior  felony drug abuse conviction, the trial court abused its discretion when it rejected the stipulation and allowed the prosecution to present evidence of appellant's two prior drug trafficking convictions ***solely*** to prove the element of an offense which requires proof of a prior felony drug abuse conviction.

*Id.*  at 507-508.  Thus the Ohio Eleventh District Court of Appeals adopted as its own the reasoning of *Old Chief* when interpreting the analogous Ohio Rule of Evidence 403.

Jones relied on *State v. Baker*, 126 Ohio St. 3d 1215 (2010), for the opinion of three

dissenting Justices of the Supreme Court of Ohio that *Old Chief* should be accepted in Ohio law. The Report noted that, however strong the argument by those dissenters, dissents do not establish the law.  In his Objections, Jones argues that *Henton* had already made *Old Chief* the law in Ohio. (Doc. No. 14, PageID 519.)  However, *Henton* is a decision of the Eleventh District Court of Appeals which cannot establish the law for the Twelfth District, which is where this case was heard.

More fundamentally, a federal habeas court can only grant relief for violations of the United States Constitution.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13, 178 L. Ed. 2d 276 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983).  As the Twelfth District recognized in this case, *Old Chief* is not a constitutional decision.  Of course, an attorney can perform deficiently if he fails to raise an important issue of state law, but the Ohio Supreme Court had not accepted *Old Chief's* reasoning as the proper interpretation of Ohio Rule Evid. 403.  It was therefore not ineffective assistance of trial counsel to fail to offer that stipulation.

Jones also objects that the Report incorrectly holds that the prior domestic violence charge was admissible, even if *Old Chief* were authority in Ohio, because it goes directly to prove an element of the crime, to wit, that domestic violence in this case is a felony because Jones had a prior domestic violence conviction.  Jones argues:

> Petitioner was already indicted upon a felony 3 domestic violence charge. The prior domestic charge was submitted to the Grand Jury in order to enhance charge to a felony 3, so in essence, once the case was before the jury, the jury had no reason what so ever to hear about petitioner's prior conviction of Domestic Violence.

(Objections, Doc. No. 14, PageID 521.)

That argument misses the point.  The grand jury indictment in itself proves nothing at

3

trial.  As is shown by the Twelfth District's rejection of the State's purported proof of the prior conviction, proving that the prior conviction was for domestic violence was needed to prevail and in its absence, Jones was only convicted in this case of misdemeanor domestic violence. *State v. Jones, supra*, ¶¶ 30-33.

After he filed his Objections, Petitioner was granted leave to supplement the record by calling the Court's attention to *State v. Creech*, 2014-Ohio-4004, 2014 Ohio App. LEXIS 3920 (7th Dist. 2014).[1]  In that case the Seventh District followed the Eleventh in adopting *Old Chief*, but acknowledged that the majority of Ohio appellate districts had declined to do so.

> **[\*P19]**  Numerous Ohio Appellate Districts have been asked to apply the *Old Chief* reasoning to Ohio statutes. The majority of the districts have declined to do so. *State v. Robinson III*, 6th Dist. No. L-10-1369, 2012-Ohio-6068, ¶ 41-50 (having weapons while under disability - R.C. 2923.13); *State v. Jones*, 12th Dist. No. CA2011-05-044, 2012-Ohio-1480, ¶ 10-20 (domestic violence); *State v. Reid*, 2d Dist. No. 23409, 2010-Ohio-1686, ¶ 12 (having weapons while under disability - R.C. 2923.13); *State v. Peasley*, 9th Dist. No. 25062, 2010-Ohio-4333, ¶ 11-12 (having weapons while under disability - R.C. 2923.13); *State v. Johnson*, 8th Dist. No. 2009-Ohio-4367, ¶ 22-23 (having weapons while under disability - R.C. 2923.13); *State v. Baker*, 9th Dist. No. 23840, 2008-Ohio-1909 (having weapons while under disability - R.C. 2923.13); *State v. Chandler*, 5th Dist. No. 98CA15, 1999 Ohio App. LEXIS 4248, 1999 WL 770229 (DUI).

*Id.*

While *Creech* is certainly in point with respect to Ohio adoption of *Old Chief*, it is an opinion of the Seventh Appellate District, which does not control the law in the Twelfth District, but can only act as persuasive authority.  Because the Twelfth District had not been persuaded as of the time this case was tried, it was not ineffective assistance of trial counsel for Jones' trial attorney to attempt to rely on it.

---

[1] Jones also claims that the *Creech* opinion "has criticized the Magistrates Report and Recommendation herein." (Motion, Doc. No. 15, PageID 523.)  The Magistrate Judge cannot find where that supposed criticism occurs in the *Creech* opinion.

**Conclusion**

Having reviewed the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 24, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).